UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DUNCAN, *et al.*,
Individually and on Behalf of
All Others Similarly Situated,

        Plaintiffs,

  v.                                           Case No. 16-cv-1229-pp

JOY GLOBAL INC., *et al.*,

        Defendants,

**ORDER GRANTING LEAD PLAINITFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. NO. 50) AND GRANTING MOTION FOR EXECUTION OF AMENDED PROPOSED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE (DKT. NO. 55)**

The plaintiffs filed this class-action complaint on September 13, 2016, alleging a breach of fiduciary duties and violations of §§14(a) and 20(A) of the Securities Exchange Act. Dkt. No. 1. The plaintiffs filed an amended complaint on April 26, 2017. Dkt. No. 33. The defendants filed a motion to dismiss the amended complaint. Dkt. No. 35. Post-briefing—while the court had the motion under advisement—the parties informed the court that they had reached a settlement agreement. Dkt. No. 48. On May 23, 2018, the parties filed an unopposed motion for preliminary approval of settlement agreement, along with a proposed order. Dkt. Nos. 50, 50-1. The court somehow missed this in the press of its docket, and failed to act. So the parties filed another motion, and provided the court with an amended proposed order. Dkt. Nos. 55, 55-1.

1

The court has read and considered the settlement agreement and the attached exhibits (Dkt. No. 52). The court **GRANTS** the parties' motions to preliminarily approve the settlement agreement, dkt. nos. 50, 55, and **ORDERS:**

1. The court shall hold a hearing on **December 20, 2018** at **2:00 p.m.** (the "Final Approval Hearing"), at the United States Courthouse and Federal Building, 517 E. Wisconsin Ave., Room 222, Milwaukee WI 53202, to: (a) determine whether the proposed settlement is fair, reasonable, and adequate to the Class and should be approved by the court; (b) determine whether the court should enter the proposed Order and Final Judgment, found at dkt. no. 52-5; (c) determine whether the court should approve the proposed Plan of Allocation; (d) determine the amount of fees and expenses that the court should award to Lead Counsel; (e) determine any award to Lead Plaintiffs under 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Class Members to (i) the Settlement or Plan of Allocation; (ii) any award to Lead Plaintiffs; and/or (iii) the award of fees and expenses to Lead Counsel; and (g) consider such other matters the court deems appropriate. The court may adjourn the Final Approval Hearing without further notice to the members of the class.

2. The court **FINDS** that the settlement resulted from arms-length negotiations, and **PRELIMINARILY APPROVES** the settlement agreement as being fair, reasonable, and adequate to Class Members, subject to further consideration at the Final Approval Hearing.

3. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the court **PRELIMINARILY CERTIFIES** this litigation as a class action on behalf of all those who purchased, sold or held Joy Global common stock during the period from and including September 1, 2016, the record date for Joy Global's special stockholder meeting regarding the acquisition of Joy Global by Komatsu Ltd. and certain of its subsidiaries (the "Acquisition"), through and including April 5, 2017, the date the Acquisition closed (the "Class"). The court **EXCLUDES** the following from the class: (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) Joy Global's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; and (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant. The court also **EXCLUDES** from the Class those Persons who properly exclude themselves by timely and validly requesting exclusion from the Class under the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members under this Order.

4. The court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the

interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Under Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the court **PRELIMINARILY CERTIFIES** the Lead Plaintiffs as the class representatives and **PRELIMINARILY CERTIFIES** Robbins Geller Rudman & Dowd LLP and Bronstein, Gewirtz & Grossman, LLC as Lead Counsel.

6. The court **APPROVES** the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

7. The court **APPROVES** the form of the summary notice, substantially in the form annexed hereto as Exhibit A-3.

8. The court **APPOINTS** the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9. The court **ORDERS** that the Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class and not later than seven (7) calendar days after the court signs and enters this Order (the "Notice Date"), the Claims Administrator shall commence mailing of the Notice and Proof of Claim and Release, substantially in the forms annexed

hereto, by First-Class Mail, to Class Members who can be identified with reasonable effort and post on its website at www.JoyGlobalSecuritiesLitigation.com.

10. The court **ORDERS** that not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

11. The court **ORDERS** that not later than seven (7) business days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the court proof, by affidavit or declaration, of such mailing and publishing.

12. Nominees who held, purchased or acquired Joy Global common stock for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of Joy Global common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

13. The court **FINDS** that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation: (a) meets the requirements of Federal Rule of Civil

Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), 15 U.S.C. §77z-1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and/or appear at the Final Approval Hearing; and (c) constitutes due, adequate, and sufficient notice to all Persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively. All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants or Related Parties bear any responsibility for such fees, costs or expenses. All Members of the Class (except Persons who request exclusion under paragraph nineteen of this Order below) shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14. Pending final determination by the court as to whether the settlement agreement, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively or in any other capacity, shall assert, commence, aid or prosecute against any of the Defendants or the Released Persons any of the Released Claims in this Litigation, or in any other proceeding, arbitration, or forum. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate the settlement and to enter judgment when appropriate, and is ordered in aid of the court's jurisdiction and to protect its judgments.

15. Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained in that document. Unless the court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than 120 calendar days after the date of this order. Any Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the settlement agreement, included the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from bringing any action against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted

claims for process by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Counsel or Claims Administrator by reason of the decision to exercise or not exercise such discretion.

16. The Proof of Claim and Release submitted by each Class Member must, unless otherwise ordered by the court: (i) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

17. By submitting a Proof of Claim, a Class Member will be deemed to have submitted to the jurisdiction of this court with respect to the Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

18. Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

19. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than twenty-one (21) calendar days before the Final Approval Hearing. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Joy Global common stock held, purchased, acquired or sold during the Class Period and the dates held during the Class Period; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20. Lead Counsel shall provide to Defendants' Counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than seventeen (17) calendar days prior to the Final Approval Hearing.

21. Any Member of the Class may appear and object if he, she, or it: (a) has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon; (b) why the Plan of Allocation should not be approved; and/or (c) why fees and expenses should not be awarded to Lead Counsel or Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, David A. Knotts, 655 West Broadway, Suite 1900, San Diego, CA 92101; Arnold & Porter Kaye Scholer LLP, Vincent A. Sama, 250 West 55th Street, New York, NY 10019; Foley & Lardner LLP, Bryan B. House, 777 East Wisconsin Avenue, Milwaukee, WI 53202; and Wachtell, Lipton, Rosen & Katz, Peter C. Hein, 51 West 52nd Street, New York, NY 10019, no later than twenty-one (21) calendar days before the Final Approval Hearing and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, United States Federal Building and Courthouse, 517 E. Wisconsin Ave., Milwaukee, WI 53202, no later than twenty-one (21) calendar days before the Final Approval Hearing. Any such objection must: (a) indicate the objector's name, address, and telephone

number; (b) specify the reason(s) for the objection; (c) identify the date(s), price(s), and number(s) of shares of Joy Global common stock held, purchased, acquired or sold during the Class Period by the objector; (d) provide documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s); and (e) be signed by the objector.  Any Member of the Class who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of fees and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

22. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the court.

23. All papers in support of the settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of

time and expenses to Lead Plaintiffs shall be filed and served no later than thirty-five (35) calendar days prior to the Final Approval Hearing and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

24. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

25. At or after the Final Approval Hearing, the court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses, should be approved.

26. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.8 of the settlement agreement.

27. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission, concession, or presumption by or against any of the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability,

fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Released Persons, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28. The court **ORDERS** that all proceedings in the Litigation are **STAYED** until further order of this court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

29. The court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Members of the Class, provided that the time or the date of the Final Approval Hearing shall not be set

at a time or date earlier than the time and date set forth in ¶1 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30. If the settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions in the Litigation as of March 14, 2018.

Dated in Milwaukee, Wisconsin this 14th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**