UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DUNCAN, PETER CAHILL and
CHARLES CAPARELLI, Individually and on
Behalf of All others Similarly Situated,

        Plaintiffs,

    v.                          Case No. 16-cv-1229-pp

JOY GLOBAL INC., EDWARD L. DOHENY II,
JOHN NILS HANSON, STEVEN L. GERARD,
MARK J. GLIEBE, JOHN T. GREMP, GALE E. KLAPPA,
RICHARD B. LOYND, P. ERIC SIEGERT and
JAMES H. TATE,

        Defendants.

---

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT (DKT. NO. 58 AT ¶(A)), APPROVING SETTLEMENT (DKT. NO.
52) AND DISMISSING CASE WITH PREJUDICE**

---

In its order dated September 14, 2018, the court preliminarily approved

the parties' settlement agreement and scheduled a final approval hearing for

December 20, 2018. Dkt. No. 57. In anticipation of that hearing, the plaintiffs

filed a Notice of Motion and Motion for Final Approval of Class Action

Settlement, Approval of Plan of Allocation, and Award of Attorneys' Fees. Dkt.

No. 58. At the December 20, 2018 hearing, the court addressed the motion;

regarding that part of the motion that asked the court for final approval of the

class action settlement (dkt. no. 58 at ¶(a)), the court considered (i) whether the

terms and conditions of the Settlement were fair, reasonable and adequate and

should be approved and (ii) whether to dismiss the case with prejudice. Based

1

on the written pleadings relating to the motion to give final approval to class action settlement, as well as the parties' arguments at the December 20, 2018 hearing (dkt. nos. 74, 75), the court **ORDERS:**

1.      This Order incorporates by reference the definitions in the Stipulation (dkt. no. 52), and all terms used in this order shall have the same meanings as set forth in the Stipulation, unless otherwise this order specifies otherwise.

2.      This court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

3.      Under Rule 23 of the Federal Rules of Civil Procedure, the court **AFFIRMS** its determinations in the Preliminary Approval Order and **CERTIFIES** for purposes of settlement only: (i) a Class defined as all those who purchased, sold or held Joy Global common stock during the period from and including September 1, 2016, the record date for Joy Global's special stockholder meeting regarding the acquisition of Joy Global by Komatsu Ltd. and certain of its subsidiaries (the "Acquisition"), through and including April 5, 2017, the date the Acquisition closed; (ii) Robbins Geller Rudman & Dowd LLP and Bronstein, Gewirtz & Grossman, LLC are certified as Lead Counsel; and (iii) Lead Plaintiffs are certified as Class Representatives. Excluded from the Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) Joy Global's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; and (v) the legal

2

representatives, heirs, successors, administrators, executors, and assigns of each Defendant.  Also excluded from the Class are those Persons who properly excluded themselves by timely and validly requesting exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members pursuant to the Preliminary Approval Order.

4.     For purposes of settlement only, the court **AFFIRMS** its determinations in the Preliminary Approval Order and **FINDS** that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Under Federal Rule of Civil Procedure 23, the court **GRANTS** the motion for final approval of class action settlement (dkt. no. 58 at ¶(a)), **APPROVES** the Settlement contained in the Stipulation (dkt. no. 52) and **FINDS** that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6.     Under Rule 23 of the Federal Rules of Civil Procedure, the court **FINDS** that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement contained in the Stipulation is finally approved in all respects, and **DIRECTS** the Settling Parties to perform its terms.

7.     The court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions of this order. The court **ORDERS** that the case and all claims contained therein and all of the released claims as against the released persons is **DISMISSED WITH PREJUDICE** and without costs.

8.     Upon the Effective Date of this order, and as provided in the Stipulation, Lead Plaintiffs and each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled and dismissed with prejudice any and all Released Claims

(including, without limitation, Unknown Claims), as well as any and all claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, against each and all of the Released Persons, regardless of whether a Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

9. Upon the Effective Date of this order, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all Settled Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

10. Upon the Effective Date of this order, Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, and assigns, are and shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the

Released Claims (including, without limitation, Unknown Claims), as well as any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Litigation or the Released Claims, against each and all of the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

11. Upon the Effective Date of this order, and as provided in the Stipulation, Lead Plaintiffs and each and every Class Member, for themselves and for any Person claiming now or in the future through or on behalf of them, shall not sue any Released Persons with respect to any and all Released Claims, except to enforce the terms and conditions contained in the Stipulation or this Order.

12. In accordance with the PSLRA as codified at 15 U.S.C. §78u-4(f)(7)(A), (a) all obligations to any Class Member of any Released Person arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Released Persons, and (ii) by any of the Released Persons against any person or entity, other than as set out in 15 U.S.C. §78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

13. The terms of the Stipulation and of this Order shall be forever binding on Lead Plaintiffs, all other Class Members, and Defendants (regardless of whether or not any individual Class Member submits a Proof of Claim and

Release or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

14.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Released Person shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class (a) was implemented in accordance with the Preliminary Approval Order entered on September 14, 2018, (b) was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, (c) was reasonably calculated under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases contained therein); and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Class, and/or appear at the Final Approval Hearing, (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and (e) fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules.

16.     The court will enter separate orders regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees as allowed by the court.  Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee application shall in no way disturb or affect this Order and shall be considered separate from this Order.

17.     Neither this Order, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of any Released Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or

other tribunal. The Released Persons, Lead Plaintiffs, Class Members, and their respective counsel may file the Stipulation and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Order in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Order.

18. Without affecting the finality of this Order in any way, this court retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19. The court **FINDS** that during the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion of it, is returned to the Defendants as required under the terms of the Stipulation, then this

Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.    Without further approval from the court, the parties are authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated in Milwaukee, Wisconsin this 27th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

**EXHIBIT A**

**INDIVIDUALS AND ENTITIES WHO HAVE
REQUESTED EXCLUSION FROM THE CLASS**

1. **Ronald McAlpine**

2. **Alma A. Lewandowski**