UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DUNCAN, PETER CAHILL and
CHARLES CAPARELLI, Individually and on
Behalf of All others Similarly Situated,

        Plaintiffs,

v.                                 Case No. 16-cv-1229-pp

JOY GLOBAL INC., EDWARD L. DOHENY II,
JOHN NILS HANSON, STEVEN L. GERARD,
MARK J. GLIEBE, JOHN T. GREMP, GALE E. KLAPPA,
RICHARD B. LOYND, P. ERIC SIEGERT and
JAMES H. TATE,

        Defendants.

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES (DKT. NO. 58 AT ¶(C))**

The plaintiffs filed a motion, asking the court to, among other things, award attorneys' fees to lead counsel. Dkt. No. 58 at ¶(c). The court has considered the documents in support of that motion, as well as the parties' arguments at the December 20, 2018 final approval hearing. Dkt. Nos. 74, 75. For the reasons stated on the record at that hearing, the court **GRANTS** the plaintiffs' petition for an award of attorneys' fees, dkt. no. 58 at ¶(c), and **ORDERS:**

    1.    All the capitalized terms used in this order shall have the same meanings as set forth in the Stipulation of Settlement dated May 22, 2018 (the "Stipulation"). Dkt. No. 52.

2. The court has jurisdiction over the subject matter of this application and related matters, including all Members of the Class who have not timely and validly requested exclusion.

3. The court **FINDS** and **CONCLUDES** that under Rule 23 of the Federal Rules of Civil Procedure, due and adequate notice of Lead Plaintiffs' motion for an award of attorneys' fees was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and of their right to object to that motion, and a full and fair opportunity was accorded to all Persons and entities who are Members of the Class to be heard with respect to the motion for fees. No Class Members objected to the application for fees.

4. The court **GRANTS** the motion for award of attorneys' fees (dkt. no. 58 at ¶(c), and **AWARDS** Lead Counsel attorneys' fees of 25% of the Settlement Fund, together with the interest earned on that sum for the same period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated among Lead Plaintiffs' counsel by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation. The court finds that the amount of fees awarded is fair and reasonable under the "percentage-of recovery" method, considering among other things that:

   **a.** the requested fee is consistent with percentage fees negotiated *ex ante* in the private market for legal services;

  **b.** the contingent nature of the Litigation favors a fee award of 25%;

  **c.** the Settlement Fund of $20 million was not likely at the outset of the Litigation;

  **d.** the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

  **e.** the quality legal services provided by Lead Counsel produced the Settlement;

  **f.** the Lead Plaintiffs appointed by the court to represent the Class reviewed and approved the requested fee;

  **g.** the stakes of the litigation favor the fee awarded; and

  **h.** the reaction of the Class to the fee request supports the fee awarded.

5. The awarded attorneys' fee and interest shall be paid to Lead Counsel from the Settlement Fund immediately after the date this order is executed, subject to the terms, conditions and obligations of the Stipulation, which terms, conditions and obligations are incorporated in this order.

  Dated in Milwaukee, Wisconsin this 27th day of December, 2018.

           **BY THE COURT:**

           _____
           **HON. PAMELA PEPPER**
           **United States District Judge**